[Docket Nos. 1, 4]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| FRANK L. SIMS,<br><br>Plaintiff,<br><br>v.<br><br>TRANSUNION LLC,<br><br>Defendant. | Civ. A. No. 25-16362 (RMB/SAK)<br><br>**MEMORANDUM OPINION & ORDER** |

**THIS MATTER** comes before the Court upon the Complaint [Docket No. 1] and renewed Application to Proceed *in forma pauperis* ("IFP") [Docket No. 4] by *pro se* Plaintiff Frank L. Sims ("Plaintiff"). Plaintiff alleges Defendant TransUnion LLC ("Defendant") "report[ed] false and unverified negative information and … continu[ed] to furnish inaccurate data after being placed on notice of disputes." [Docket No. 1 at 1.]

Pursuant to Local Civil Rule 54.3, "the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed . . . unless the fee is paid in advance." Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed *in forma pauperis*.

A court may permit a litigant to proceed without prepayment of fees if he submits a proper IFP application and establishes that he is unable to pay the requisite fees. *See* 28 U.S.C. § 1915(a)(1). Courts within the Third Circuit only grant leave to

proceed IFP "based on a showing of indigence." *Douris v. Newtown Borough, Inc.*, 207 Fed. Appx. 242, 243 (3d Cir. 2006). While IFP status is not reserved solely for the "absolutely destitute," the litigant "must establish that he is unable to pay the costs of [his] suit." *Hurst v. Shalk*, 659 Fed. Appx. 133, 134 (3d Cir. 2016) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)). The litigant seeking IFP status bears the burden "to provide the Court with the financial information it needs to make a determination as to whether he qualifies for IFP status." *Freeman v. Edens*, 2007 WL 2406789, at *1 (D.N.J. Aug. 17, 2007) (cleaned up). "[A] plaintiff must state the facts concerning [his] poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (quoting *Simon v. Mercer Cnty. Comm. College,* 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

While Section 1915 "is designed to ensure that indigent litigants have meaningful access to the federal courts," *Neitzke v. Williams*, 490 U.S. 319, 324 (1989), proceeding IFP "is a privilege, not a constitutional right." *Atl. Cnty. Cent. Mun. Ct. Inc. v. Bey*, 2024 WL 1256450, at *1 (D.N.J. Mar. 25, 2024). "Failure to submit a completed financial affidavit renders an IFP application incomplete and this defect warrants the application's denial." *Id.* (citing *Rohn v. Johnston*, 415 Fed. Appx. 353, 355 (3d Cir. 2011)).

In his IFP application, Plaintiff states that he has zero income, zero assets, and zero assets in his checking account. [Docket No. 4 at 1–3.] Plaintiff claims to have monthly expenses of the following: $1,150 in housing, $150 in utilities, and $290 in

food. [*Id.* at 4–5.] Yet he does not explain how he covers these expenses with no income whatsoever.

Plaintiff's IFP application is patently deficient. A litigant seeking IFP status cannot claim indigency by merely marking zeros across the board in an IFP application. *See, e.g.*, *Afshar v. Rutgers Univ.*, 2024 WL 4476154, at *1 (D.N.J. Oct. 11, 2024) (denying IFP application, finding plaintiff did not make "a good faith effort to state his income and assets" where plaintiff wrote "'0' for every single box" in IFP application). That is essentially what Plaintiff has done here. Based upon Plaintiff's submission, the Court cannot properly determine Plaintiff's financial status and whether he is eligible to proceed IFP. Accordingly, the Court will deny his IFP application without prejudice.

In addition, the Court notes that even if Plaintiff addresses the IFP deficiencies, and the full filing fee or any part of it has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* actions). As explained below, the current complaint would likely be dismissed at screening for failure to state a claim for relief.

Plaintiff alleges violations of the FCRA. Section 1681e(b) of the FCRA provides, in relevant part: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

15 U.S.C. § 1681e(b). To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *See Hafez v. Equifax Info. Servs., LLC*, 666 F. Supp. 3d 455, 460–61 (D.N.J. 2023) (citing *Cortez v. Trans Union, LLC*, 617 F.3d 688, 712–13 (3d Cir. 2010)).

The FCRA also confers on consumers the right to have negative information in their credit reports investigated (or "reinvestigated") for accuracy. Specifically, § 1681i(a) provides that if a consumer disputes information and properly notifies the CRA of the same, the CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). To state a claim under § 1681i, a plaintiff must—in addition to pleading inaccuracy—establish that the CRA "(1) had a statutory duty to reinvestigate, and (2) would have discovered a discrepancy had it undertaken a reasonable investigation." *Stephens v. Equifax, Inc.*, 2023 WL 8531825, at *3 (D.N.J. Oct. 31, 2023) (citing *Cortez*, 617 F.3d at 713–14).

As stated above, to make out a claim under § 1681e(b), a plaintiff must allege that the "inaccurate information was included in a consumer's credit report[.]" *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342 (3d Cir. 2022). Section 1681i(a) similarly requires a plaintiff to allege "that the reported information was in fact inaccurate." *Id.* at 344. General allegations of inaccurate information in a consumer credit report are

not sufficient to state a plausible violation of the FCRA. *See Anigbogu v. Midland Credit Mgt., Inc.*, 2025 WL 99581, at *2 (D.N.J. Jan. 15, 2025) (collecting cases).

Here, Plaintiff alleges "Defendant knowingly and recklessly failed to maintain reasonable procedures to assure maximum possible accuracy in Plaintiff's credit file" and "deliberately ignored Plaintiff's disputes and failed to conduct a lawful reinvestigation[.]" [Docket No. 1 at 2.] Although Plaintiff asserts Defendant reported late payments which were unfairly designated as late [Docket No. 1 at 2], Plaintiff does not identify the particular late payment entries at issue or allege facts explaining why the reported information was inaccurate. The claims under Sections 1681e(b) and 1681i(a) of the FCRA would therefore fail. *Covington v. Equifax Info. Servs., Inc.*, 2019 WL 4254375, at *4 (D.N.J. Sept. 9, 2019); *see Williams v. TransUnion LLC*, 2025 WL 3628618, at *4 (D.N.J. Dec. 15, 2025) (quotation marks omitted) (granting TransUnion's 12(b)(6) motion to dismiss plaintiff's claims under §§ 1681e(b) and 1681i(a) for only alleging "multiple inaccuracies, inaccurate information, and disputed accounts").[1]

Plaintiff also brings claims for defamation against Defendant for publishing false credit information. [Docket No. 1 at 3.] Section 1681h(e) of the FCRA "provides that defamation, invasion of privacy, or negligence claims, while ordinarily preempted by the FCRA, can be brought against a consumer reporting agency if 'false

[1] Because Plaintiff has not stated a plausible underlying violation of either § 1681e(b) or § 1681i(a), there is no reason to address whether the Complaint adequately alleges that Defendant's willful or negligent noncompliance violated the FCRA, as Plaintiff claims. [Docket No. 1 at 3.]

information [is] furnished with malice or willful intent.'" *Frazier v. TransUnion*, 2023 WL 6323088, at *6 (E.D. Pa. Sept. 28, 2023) (quoting *Williams v. Navient Sols., LLC*, 2017 WL 3784039, at *2 (D.N.J. Aug. 31, 2017)).

Here, Plaintiff alleges "Defendant acted with malice and willful intent to injure Plaintiff by publishing false credit information." [Docket No. 1 at 3.] These "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," would not suffice. *Santiago v. Warminster Twp.*, 629 F.3d 121, 131 (3d Cir. 2010).

**ACCORDINGLY, IT IS HEREBY** on this **14th** day of **October 2026**,

**ORDERED** that Plaintiff's IFP application is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter; and it is further

**ORDERED** that, within thirty (30) days of the entry of this Order, Plaintiff shall either pay the requisite $405 filing fee or submit a properly completed IFP application; and it is further

**ORDERED** that, if Plaintiff wishes to proceed in this action, he should also submit an amended complaint within thirty (30) days because the current complaint is likely to be dismissed at screening, even assuming the IFP deficiencies are addressed; and it is further

**ORDERED** that, if Plaintiff fails to timely pay the filing fee or timely submit a completed IFP application, the Court intends to close the file in this matter without further notice and subject to reopening only upon good cause shown; and it is finally

**ORDERED** that the Clerk of the Court shall, notwithstanding Plaintiff's consent to receive documents electronically, **MAIL** a copy of this Memorandum Opinion and Order to Plaintiff via regular U.S. mail and **NOTE** the completion of same on the docket.

**s/Renée Marie Bumb**
**RENÉE MARIE BUMB**
Chief United States District Judge

DATED: October 14, 2026